No. 56,584

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK, KANSAS, *Petitioner,* v. THE HONORABLE JAMES J. NOONE, Administrative Judge, 18th Judicial District, and DOROTHY I. VAN ARSDALE, Clerk of the District Court, 18th Judicial District, *Repondents.*

(682 P.2d 1303)

Opinion filed June 8, 1984.

*Edward L. Keeley,* assistant county counselor, argued the cause, and *William D. Rustin,* county counselor, was with him on the pleadings for the petitioner.

*Dan Biles,* assistant attorney general, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the pleadings for the respondents.

The opinion of the court was delivered by

PRAGER, J.: This is an original action in mandamus, filed in the Supreme Court, in which the petitioner/plaintiff, Board of County Commissioners of Sedgwick County (Board), seeks a writ of mandamus directing the respondent/defendant, Dorothy I. Van Arsdale, Clerk of the District Court of Sedgwick County, to remit all fines received for violations of Sedgwick County home

rule resolutions to the county treasurer for deposit in the county general fund. Plaintiff also seeks a writ directing the Honorable James J. Noone, Administrative Judge of the Eighteenth Judicial District, to permit the clerk to remit such fines.

The parties agree that the facts are undisputed and are as set forth in the plaintiff's petition: On August 15, 1983, the plaintiff Board passed county resolution #211-1983, pursuant to the home rule authority granted Sedgwick County by K.S.A. 19-101 *et seq.* That resolution provides for certain traffic regulations applicable to the unincorporated area of Sedgwick County and makes violations of those regulations punishable by fine and/or imprisonment consistent with similar violations under state laws. Section XXVI of the resolution provides as follows:

"SECTION XXVI: *FINES AND COURT COSTS*

"The Clerk of the District Court of the Eighteenth Judicial District shall pay over to the Sedgwick County Treasurer all moneys collected as a fine for violations of this resolution. Such money shall be deposited in the general fund of Sedgwick County, Kansas. The Clerk of the District Court shall distribute court costs collected for violations of this resolution in the same manner as such costs are distributed for misdemeanor violations under state law."

Subsequent to its adoption, a copy of resolution #211-1983 was provided to defendant, Judge James J. Noone. Judge Noone initially took the position and advised the Board that he would direct Dorothy I. Van Arsdale, as clerk, to remit fines derived from the enforcement of county resolutions to the state treasurer where the underlying county offense duplicates state traffic laws. At that time, Judge Noone further advised the Board that Sedgwick County would receive fines derived from the enforcement of a county resolution where the underlying county offense did not duplicate state traffic laws. After the defendants retained the attorney general as counsel in this case, they took the position that there is no statutory authority under which the clerk of the district court may pay to the county treasurer *any moneys* collected by the clerk's office for the enforcement of county regulations adopted pursuant to home rule authority, whether or not the county offense duplicates the state traffic laws.

In its petition, the plaintiff Board alleged that the position taken by the defendants effectively nullifies Section XXVI of county resolution #211-1983. The plaintiff stated that it relied upon the projected traffic fines to be derived from #211-1983 in setting its budget for fiscal year 1984. It further alleged that,

without this revenue, eleven traffic officer positions of the Sedgwick County sheriff's office will have to be eliminated, since no other source of revenue is available, with the result that enforcement of all traffic regulations in Sedgwick County will suffer. The plaintiff brought this action to obtain an authoritative interpretation of the state law for the guidance of public officials in their administration of public business. In its petition, plaintiff prays that the Supreme Court accept and exercise original jurisdiction in this proceeding and issue a writ of mandamus. The defendants, in their response to the petition, requested that the petition for a writ of mandamus be denied, because there is no statutory authority under which the clerk of the district court may pay to the county treasurer funds collected by the clerk's office for the enforcement of county traffic regulations.

At the outset, we must first determine the jurisdictional question whether this is an appropriate case for an original action in mandamus in the Supreme Court. Both parties agree that the court has jurisdiction, that the case is appropriate, and that the issue presented should be determined on its merits. We have no hesitancy in holding that this is an appropriate case for an original action in mandamus in this court. The purpose of this proceeding is obviously to obtain an authoritative interpretation of statutory law for the guidance of clerks of the district court, as public officers, in carrying out their public duties. All parties to this proceeding are public agencies or officers. The issue presented is purely one of law involving the distribution of public funds. The defendant, clerk of the district court, has a legal duty to remit fines derived from traffic violations either to the county treasurer pursuant to Section XXVI of the resolution or to remit such fines to the state treasurer. Judge Noone, as administrative judge, has a duty to supervise the clerk of the district court to insure that all fines are remitted as required by law. It is clear that the duty of the clerk as to the disposition of fines is mandated by law and does not involve the exercise of discretion.

The rule is well established in this state that mandamus in the Supreme Court is a proper remedy where the essential purpose of the proceeding is to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of the public business, notwithstanding the fact there also exists an adequate remedy at law. *Manhattan Buildings, Inc. v. Hurley*, 231 Kan. 20, 643 P.2d 87 (1982); *Stephens v. Van Arsdale*,

227 Kan. 676, 608 P.2d 972 (1980); *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, 436 P.2d 982 (1968). This court has often exercised its original jurisdiction in mandamus to provide a speedy adjudication of issues of law affecting public officials. We further believe the issue presented has a significant statewide interest. A decision in this proceeding will affect the distribution of moneys collected as fines for violations of county resolutions in all Kansas counties. Under the circumstances, it is clear that the Supreme Court has jurisdiction in mandamus and that this case is appropriate for the exercise of that jurisdiction.

The basic issue presented in the case is essentially this: Is there statutory authority which requires the Clerk of the District Court of the Eighteenth Judicial District to pay to the Sedgwick County Treasurer moneys collected by the clerk's office as fines, resulting from the enforcement of county traffic regulations adopted by Sedgwick County pursuant to its statutory home rule authority? Before turning to the specific question, it would be helpful to review the Kansas statutes which the parties have cited as applicable to the present controversy. The general provisions which govern the home rule powers of counties are contained in K.S.A. 19-101 *et seq.* K.S.A. 19-101 covers the general powers which are granted by statute to a county as a public corporation. Among others, a county is authorized to exercise the home rule powers to determine their local affairs in government provided for in K.S.A. 1983 Supp. 19-101a. K.S.A. 1983 Supp. 19-101a provides that the board of county commissioners may transact all county business and perform such powers of local legislation and administration it deems appropriate, subject only to certain limitations, restrictions or prohibitions. Among the limitations, restrictions, and prohibitions mentioned are provisions that counties shall be subject to all acts of the legislature which apply uniformly to all counties, and that *counties may not affect the courts located therein.* Of the seventeen specific limitations on the home rule powers of counties, only these two would seem to be applicable in the case now before us.

K.S.A. 19-101c provides, in substance, that a county's home rule powers shall be liberally construed for the purpose of giving to counties the largest measure of self-government. K.S.A. 19-101d grants the power to a county board to enforce all resolutions passed pursuant to county home rule powers, either by injunc-

tion or by prescribing penalties for violations by fines or by confinement in the county jail. Prosecutions for any violations shall be commenced and determined in the district court in the manner provided by law for the prosecution of misdemeanor violations of state law.

The controversy in this case arose primarily because of a 1982 amendment to K.S.A. 19-101e. That section, as originally enacted in 1976, provided as follows in K.S.A. 1976 Supp. 19-101e:

"(a) Except as provided in subsection (b), the items allowable as costs shall be the same as in cases for misdemeanor violations of state law and shall be taxed as provided in K.S.A. 22-3801 and 22-3803, inclusive.

"(b) The fees and mileage for the attendance of witnesses shall be borne by the party calling the witness, except that if an accused person is found not guilty, the county shall pay all such expenses, but the court may direct that fees and mileage of witnesses subpoenaed by the accused person be charged against such person, if the court finds that there has been an abuse of the use of subpoenas by the accused person.

"(c) All fines and penalties collected in actions for the enforcement of county resolutions, as provided in this act, shall be paid over to the county treasurer of the county where they are imposed. Those fines and penalties derived from the enforcement of any resolution, a violation of which would also constitute a violation of state law, shall be remitted to the state treasurer as provided in K.S.A. 1976 Supp. 20-2801, and the remainder shall be deposited in the county general fund."

In 1982, K.S.A. 19-101e was amended by striking section (c), thus removing from that statute the authority for the clerk to pay over to the county treasurer fines and penalties collected in actions for the enforcement of county resolutions as well as that portion of the section which directed that fines and penalties derived from the enforcement of any resolution which also constituted a violation of state law should be remitted to the state treasurer. Thus, it is clear that, prior to July 1, 1982, the Kansas legislature required that all fines collected in actions for the enforcement of county resolutions be separated into two categories:

(1) Fines collected for the enforcement of county resolutions which would not also constitute a violation of state law were to be paid over to the county treasurer; and

(2) fines derived from the enforcement of county resolutions which also would have constituted a violation of state law were to be remitted to the state treasurer.

On the face of it, it would appear that the legislative elimination

of section (c) in 1982 removed from that statute any authority for a clerk of the district court to remit fines collected for violations of county resolutions to the county treasurer.

There are other Kansas statutes which must also be considered in determining the legislative intent with respect to the disposition of fines collected by a clerk of the district court resulting from violations of county resolutions. K.S.A. 20-350(a) is another statute which covers the disposition of moneys received by the clerk from the payments of fines, penalties, and forfeitures. It provides in part as follows:

"(a) Except for fines and penalties authorized to be paid to counties pursuant to K.S.A. 19-101e, *all moneys* received by the clerk of the district court from the payment of fines, penalties and forfeitures shall be remitted to the state treasurer, in the manner provided by K.S.A. 20-2801 and amendments thereto, and the state treasurer shall deposit the same in the state treasury to the credit of the state general fund." (Emphasis supplied.)

It should be noted that this section is indeed comprehensive and is applicable to *all moneys* received by the clerk of the district court from the payment of fines, penalties, and forfeitures. All of such moneys received by the clerk shall be remitted to the state treasurer in the manner provided by K.S.A. 20-2801, *except* for fines and penalties authorized to be paid to counties pursuant to K.S.A. 1983 Supp. 19-101e. It is to be noted that the exception in K.S.A. 20-350(a) for "fines and penalties authorized to be paid to counties pursuant to K.S.A. 19-101e," was initially adopted in 1978. It has not been changed since that time.

K.S.A. 20-2801(a) also is concerned with the disposition of fines, penalties, and forfeitures and provides as follows:

"(a) At least monthly the clerk of the district court shall remit all moneys payable to the state treasurer from fines, penalties and forfeitures to the state treasurer, and the state treasurer shall deposit the same in the state treasury to the credit of the state general fund." .

With these statutes in mind, we turn now to the question presented in this case.

In its brief, the plaintiff Board contends that, considering together these statutes as set forth above, all fines collected for violations of county home rule resolutions must be paid by the clerk of the district court to the county treasurer for deposit in the county general fund, if the county resolution so directs. Plaintiff maintains that the main issue to be determined in the case is the

intent of the legislature when it deleted K.S.A. 19-101e(c) effective July 1, 1982. It argues that a consideration of the legislative history of the substitute for House Bill No. 2280, which later became Section 1, Chapter 116 of the Laws of 1982, mandates the conclusion that the 1982 Kansas legislature intended that counties be allowed to retain all home rule fines; that the primary purpose of the enactment was to raise district court docket fees and to permit counties to retain significant amounts of those fees; and that there is nothing in the legislative records to show that the amendment to K.S.A. 19-101e was even discussed in the legislative committee meetings. The Board further argues that the reason for the deletion of section (c) in K.S.A. 1983 Supp. 19-101e was to increase county revenues by allowing the counties to retain all fines for county resolution violations. It further maintains that the failure of the 1982 legislature to amend K.S.A. 20-350(a) lends credence to the plaintiff's interpretation of legislative intent. Any other construction renders the language in K.S.A. 20-350(a) superfluous. It is further argued that the deletion of subsection (c) of K.S.A. 19-101e must be considered in the context of 19-101c which requires a liberal construction of county home rule powers.

In its brief, the plaintiff Board concludes that Section XXVI of the county resolution, which directs the clerk of the district court to pay over to the Sedgwick County treasurer all moneys collected as fines for violations of county resolutions, was within the home rule powers of the county, and that the clerk of the district court is required as a matter of law to follow that direction and to distribute all such fines to the Sedgwick County treasurer.

The attorney general, on behalf of the defendants, contends that the central issue in the case is whether there is any *statutory authority* whatsoever by which Sedgwick County can *require* the Clerk of the Eighteenth Judicial District, who is a state officer, to turn over moneys generated by county traffic resolutions to the county treasurer. He takes the position that no such statutory authority exists, and that, under the clear and unequivocal language of K.S.A. 20-350(a), K.S.A. 20-2801(a), and K.S.A. 1983 Supp. 19-101e, *all moneys* received by the clerk of the district court for the payment of fines, penalties, and forfeitures from any source shall be remitted to the state treasurer. In his brief, the attorney general emphasizes that the clerk of a district

court is a ministerial officer and, as such, must deal with public moneys in the manner required by statute. Stated simply, the attorney general contends that the clerk of the district court and the administrative judge of a judicial district are bound by the clear and unequivocal provisions of the statutes to remit all fines, penalties, and forfeitures to the state treasurer, because there is no statutory authority provided in K.S.A. 1983 Supp. 19-101e to the contrary. The attorney general emphasizes the rule that legislative history or evidence as to how a statute evolved is not necessary or relevant where an act is clear on its face. *State ex rel. Stephan v. Board of Lyon County Comm'rs*, 234 Kan. 732, 740, 676 P.2d 134 (1984). Since the legislative scheme is clear on its face, there is simply no statutory authority for the clerk of the district court to pay over these fines to the county treasurer.

We have carefully considered the briefs and arguments of counsel and the various statutes which are set forth above. It cannot be denied that the clerk of the court is a ministerial officer and is bound by statutes in the performance of his or her official duties involving the handling of public moneys. *Cook v. City of Topeka*, 232 Kan. 334, 654 P.2d 953 (1982). Under K.S.A. 1983 Supp. 19-101a, the home rule powers of a county are derived from the legislature, not from the Kansas Constitution. They are subject to the specific statutory limitation and restriction that a county may not affect the courts located therein. A county, under its home rule powers, does not have the authority to control the official acts of a clerk of the district court. After a full consideration of the statutes involved, we have concluded that the attorney general is correct in his conclusion that the defendants, as Clerk of the District Court and Administrative Judge of the Eighteenth Judicial District, are bound by the statutory provisions discussed above and must remit the fines, penalties, and forfeitures generated by county traffic regulations to the state treasurer. K.S.A. 20-350(*a*) requires the clerk to remit *all moneys* received by the district court for the payment of fines, penalties, and forfeitures to the state treasurer, except for fines and penalties authorized to be paid to the county pursuant to K.S.A. 19-101e. K.S.A. 1983 Supp. 19-101e, in its present form, does not grant an exception for fines and penalties received by the clerk of the district court for violations of county resolutions. Hence, the defendant Van Arsdale, as Clerk of the District Court of the Eighteenth Judicial

District, is required by statute to pay to the state treasurer all fines, penalties, and forfeitures including those received as a result of violations of Sedgwick County resolutions. It follows that Section XXVI of Sedgwick County resolution #211-1983 conflicts with the Kansas statutes and is invalid and unenforceable because it constitutes an attempt by the county to affect the courts located within the county, and because it is contrary to the statutory provisions which are discussed above.

The petition for a writ of mandamus is denied.