Douglas P. Witteman Coffey County Attorney Coffey County Courthouse P.O. Box 310 Burlington, Kansas 66839
Dear Mr. Witteman:
You request our opinion regarding whether a county may impose local environmental standards or separation distances for confined animal feeding facilities which are more strict than those set out in 1998 Substitute for House Bill No. 2950 (Sub. for H.B. 2950) and any regulations promulgated thereunder by the Kansas Department of Health and Environment. You acknowledge that in Attorney General Opinion No. 97-72
we opined that counties may impose more stringent local environmental standards on confined feeding facilities, however Sub. for H.B. 2950 includes an amendment to the county home rule statute[1] which may alter our previous opinion.
K.S.A. 1997 Supp. 19-101a gives each county the authority to "transact all county business and perform all powers of local legislation and administration it deems appropriate" subject only to the limitations, restrictions or prohibitions enumerated in the statute. Section 39 of 1998 Sub. for H.B. 2950 amends K.S.A. 19-101a by adding the following limitation:
 "Counties may not exempt from or effect changes in K.S.A. 2-1915, 2-3302, 2-3305, 2-3307, 17-5904, 17-5908, 47-1219, 65-171d, 74-5065, 74-5066, 74-8902, 74-8905 and 79-32,117, sections 2 through 22, 24, 28, 37, and 38 and amendments thereto or revivers thereof."[2]
Several of the statutes listed in the amendment may relate to environmental standards for confined feeding facilities. K.S.A. 2-1915
deals with water conservation and wetland protection, K.S.A. 2-3302,2-3305, and 2-3307 are part of the Kansas Chemigation Safety Law and K.S.A. 1997 Supp. 47-1219 restricts the disposal of dead animals. K.S.A. 1997 Supp. 65-171d is of particular interest in responding to your question because it provides minimum separation distance requirements for confined feeding facilities including specific requirements for swine facilities.
County home rule power is derived from the Legislature and is subject to specific statutory limitation and restriction by the Legislature.[3]
The limitation on home rule added by Sub. for H.B. 2950 prevents a county from exercising its power of home rule to enact regulations for confined animal feeding facilities that would change any provision of the statutes enumerated in the limitation. Therefore, a county may not impose more stringent separation distance requirements for confined animal feeding facilities than those set out in K.S.A. 1997 Supp. 65-171d, as amended by Sub. for H.B. 2950. The portions of Attorney General Opinion No. 97-72
which are based on the law prior to its 1998 amendment, and are therefore in conflict with this opinion, are hereby withdrawn.
In addition to a county's power to enact stricter separation distances, you inquire about the impact of Sub. for H.B. 2950 on a county's power to enact stricter environmental standards through its sanitation code.[4] Sub. for H.B. 2950 does not mention county sanitation codes and we find no provisions of Sub. for H.B. 2950, other than those contained in Section 39 discussed above, which impact a county's power to enact stricter environmental standards on confined feeding facilities. Therefore, we affirm the conclusions stated in Attorney General Opinion No. 97-72 concerning a county's authority to impose stricter environmental standards on confined feeding facilities, provided those county standards do not exempt the county from any of the statutes enumerated in K.S.A. 1997 Supp. 19-101a(a), as amended by Sub. for H.B. 2950, § 39, or change the provisions of those statutes.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 1997 Supp. 19-101a.
[2] 1998 Sub. for H.B. 2950, § 39.
[3] Board of County Commissioners of Sedgwick County v. Noone,235 Kan. 777, Syl. ¶ 3 (1984).
[4] See K.S.A. 19-3701 et seq.